## IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE KAAIHUE, | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | 1:22-cv-00541-CAP-RDC |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff George Kaaihue ("Plaintiff" or "Kaaihue") respectfully submits the following Complaint:

## INTRODUCTION

Plaintiff enjoyed a successful career with Delta Air Lines, Inc. ("Delta" or the "Defendant") for over a decade before his coworkers and other employees began to refer to him as a member of the "Asian Mafia," "Chinese Mafia," and "Korean Mafia." After Plaintiff complained to his supervisors that the usage of the "Asian Mafia" terminology was creating a hostile work environment, Delta terminated his employment based on false accusations.

1

Based on the treatment he suffered while employed with Defendant, Plaintiff asserts race discrimination and retaliation claims under 42 U.S.C. § 1981 ("§ 1981") and race and national origin discrimination claims and a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

1.     Plaintiff's claims under Title VII and § 1981 present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2.     This court is a proper venue of the Plaintiff's claims under 28 U.S.C. 1391(b), because the Defendant resides in this District as the Defendant's principle place of business is in this District.

## THE PARTIES

3.     Plaintiff resides in Salt Lake City and submits himself to the jurisdiction of this Court.

4.     Defendant is a for-profit company licensed to do business in Georgia that transacts business in the Northern District of Georgia.

5.     Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6.     Plaintiff is an employee as defined by Title VII and Defendant is a covered employer as defined by Title VII.

## ADMINISTRATIVE PROCEEDINGS

7.     Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2022-06676.

8.     On November 18, 2022, the EEOC issued Plaintiff his notice of right to sue.

9.     All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

10.     Kaaihue was born in Hawaii and is of Hawaiian and Samoan descent.

11.     Delta hired Kaaihue in October 2009 as a Reservation Agent and in February 2011 a flight attendant.

12.     Flight Attendants at Delta would exchange or add shifts to their own schedules through a software program.

13.     Starting in July 2021, Kaaihue heard co-workers and managers refer to him and a Korean-American employee as members of the "Asian Mafia."

14.     Kaaihue had picked up flights using that program for years prior to being called "Asian Mafia."

15.     A flight attendant manager told Kaaihue to "be careful picking up trips" because that could indicate that he was part of the "Asian Mafia."

16.     On October 19, 2021, Kaaihue and two of his co-workers complained to Robert Dykehouse, a Seattle Base Manager, that they were being called members of the "Asian Mafia" and stated they felt like they were being singled out due to their race and national origin.

17.     Kaaihue and one of his co-workers told Dykehouse that their co-workers were creating a very hostile work environment.

18.     On or around October 22, 2021, after Kaaihue and his co-worker complained about the hostile work environment, Dykehouse called them into a meeting to discuss alleged "trip irregularities."  Kaaihue had never been counseled regarding the practice he used to pick up additional flights.

19.     On December 2, 2021, Dykehouse suspended Kaaihue pending termination.

20.     Dykehouse accused Kaaihue of "lying" about his trip scheduling.

21.　Delta did not communicate with Kaaihue again until January 11, 2022 when it informed him that he was being terminated because of the "concerns he brought up" and the flights he scheduled to work.

22.　Kaaihue appealed his termination and his appeal was denied.

23.　On February 28, 2022, Kaaihue retired in lieu of termination.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

24.　Defendant discriminated against Plaintiff in the use of racially charged language in the workplace.

25.　Defendant then terminated Plaintiff because of his race.

26.　Defendant's stated reason for terminating Plaintiff's employment is pretext for racial discrimination.

27.　Defendant's discriminatory treatment and termination of Plaintiff was in violation of Title VII.

28.　Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

29.　Defendant's discriminatory actions against Plaintiff were taken in bad faith.

30.     As a result of Defendant's discriminatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

31.     Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

32.     Defendant discriminated against Plaintiff by making derogatory comments referencing his national origin, by refusing to investigate his complaints, and by creating a hostile work environment.

33.     Defendant then terminated Plaintiff because of his national origin.

34.     Defendant's stated reason for terminating Plaintiff's employment is pretext for national origin discrimination.

35.     Defendant's discriminatory treatment and termination of Plaintiff was in violation of Title VII.

36.     Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

37.     Defendant's discriminatory actions against Plaintiff were taken in bad faith.

38.     As a result of Defendant's discriminatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

39.     Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

40.     Defendant discriminated against Plaintiff in work assignments and in the use of racially charged language in the workplace.

41.     Defendant terminated Plaintiff because of his race or ethnicity.

42.     Defendant's stated reason for terminating Plaintiff's employment is pretext for racial or ethnicity discrimination.

43.     Defendant's discriminatory treatment and termination of Plaintiff was in violation of 42 U.S.C. § 1981 ("Section 1981").

44.     Defendant willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

45.     Defendant's discriminatory actions against Plaintiff were taken in bad faith.

46.     As a result of Defendant's discriminatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

47.     Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

48.     Plaintiff engaged in protected activity under § 1981 by making internal complaints to Defendant alleging racial or ethnicity discrimination.

8

49.     Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, race or ethnicity discrimination, constitute unlawful intentional retaliation in violation of § 1981.

50.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

51.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

52.     Pursuant to § 1981, Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT V

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED,
### 42 U.S.C. § 2000e *et seq.*

53.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

54.     Plaintiff engaged in protected activity under Title VII when he complained internally to Defendant that there was a hostile work environment based on his race and national origin.

55.     Defendant then terminated Plaintiff in retaliation for his internal complaint.

56.     Defendant's stated reason for terminating Plaintiff's employment is pretext for retaliation.

57.     Defendant's retaliatory termination of Plaintiff was in violation of Title VII.

58.     Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

59.     Defendant's retaliatory actions against Plaintiff were taken in bad faith.

60.     As a result of Defendant's retaliatory treatment and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

61.     Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages,

punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)   A declaration that Defendant has violated the rights of Plaintiff under the federal statutes listed above;

(b)   A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)   Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for their unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)   Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)   Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's garden variety

emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)     Reasonable attorneys' fees and costs.

(h)     Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this 15th day of February 2023.

LEGARE, ATTWOOD & WOLFE, LLC

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
Marissa R. Torgerson
Georgia Bar No. 848356
emattwood@law-llc.com
mrtorgerson@llaw-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000

_____